# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9470
jtemkin@maglaw.com

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

April 12, 2021

**VIA ECF**

The Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **United States v. Peltz**, Case No. 1:21-cr-00154

Dear Judge Mann:

This firm represents Jason Peltz, the defendant in the above-referenced action.

At Mr. Peltz arraignment earlier today, the Government requested that the time between today and May 6, 2021 be excluded under the Speedy Trial Act. Having consulted with Mr. Peltz, I write to confirm that the defense does not oppose the requested exclusion of time.

At today's arraignment, the Government also asked that the conditions of Mr. Peltz's bail be expanded to bar him from using encrypted applications. For the reasons discussed earlier today and below, your Honor should reject the Government's request.

Like every defendant released on bail in this (and every other) district, Mr. Peltz is prohibited from engaging in illegal conduct. The Government has not alleged that Mr. Peltz has violated that condition of his release, let alone that he has used encrypted applications to do so.

Although for many cell phone users, encrypted messaging remains the exception rather than the norm, it has become standard practice for people who communicate internationally and for those who work in industries where secure communications are required. *See e.g.,* Jack Nicas, Mike Isaac and Sheera Frenkel, *Millions Flock to Telegram and Signal as Fears Grow Over Big Tech,* N.Y. TIMES, Jan. 13, 2021, https://www.nytimes.com/2021/01/13/technology/telegram-signal-apps-big-tech.html. Signal, for example, has over 500 million users worldwide. *Id.*

**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**

The Honorable Roanne L. Mann
April 12, 2021
Page 2

      Mr. Peltz, like many others who use WhatsApp, Signal, and Telegram, relies on these applications for both personal and professional reasons. Personally, he uses Telegram to speak with about a dozen friends who live overseas and to participate in video chats with them. Without Telegram it would be prohibitively expensive for Mr. Peltz to keep in touch with these friends.

      Communicating using encrypted messaging applications is also commonplace in Mr. Peltz's line of work, and he uses Signal to connect with business associates and prospective business partners. In addition, he depends on Telegram's group chatroom feature to exchange ideas with tens of thousands of traders who perform research on public companies and share insights over the app. Furthermore, in his professional life, Mr. Peltz often communicates with brokers who use encrypted messaging applications in their day-to-day business in order to exchange sensitive information, such as account numbers. Because these individuals rely primarily on these messaging apps, the proposed bail condition would effectively preclude Mr. Peltz from communicating with them.

      In support of its proposed condition, the Government does not claim that Mr. Peltz has used encrypted applications inappropriately. Rather, despite the absence of any allegation of ongoing misconduct, the Government seeks to bar Mr. Peltz from using a common (and lawful) means of communication on the theory that it would make it more difficult for the Government to gather evidence against Mr. Peltz in the event of any hypothetical, future misconduct. Not only is this inconsistent with the presumption of innocence, but it asks the court to assume the defendant will use an accepted method of communication to commit additional offenses. While it is common to preclude defendants from communicating with specified individuals, the proposed condition would limit Mr. Peltz's ability to engage in innocent communications with people around the world. Nothing in the Bail Reform Act permits such a far-reaching restriction of the defendant's conduct.[1]

      In light of Mr. Peltz's legitimate and ongoing need to use encrypted messaging applications, I respectfully urge the Court to reject the additional bail condition proposed by the Government.

                                  Respectfully submitted,

                                    /s/ Jeremy H. Temkin
                                  Jeremy H. Temkin

cc:     All Counsel of Record (Via ECF)

---

[1] Although we have been unable to exhaustively check all docket sheets, we are unaware of any other instance in which a court granted such an overbroad restriction, especially in the absence of evidence that the defendant was engaged in ongoing misconduct.