AES:KTF/SME
F. #2016R01900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JASON PELTZ,

          Defendant.

- - - - - - - - - - - - - - X

<u>STIPULATION AND ORDER</u>

21-CR-154 (NGG)

      IT IS HEREBY STIPULATED AND AGREED by and between the

undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal

Procedure 16(d), that:

      1.    All discovery material disclosed pursuant to Rule 16 of the Federal Rules of

Criminal Procedure to the defendant JASON PELTZ (the "defendant") and the undersigned

defense counsel ("defense counsel") by the government in the above-captioned case and

specifically identified by the government as material necessitating protection and therefore

produced pursuant to this Protective Order (the "protected discovery material"), and any and all

copies, notes, transcripts, documents and other information derived or prepared from the protected

discovery material, may be used by the defendant, defense counsel and defense staff (as that term

is defined in paragraph 2) only for purposes of defending against the charges in the above-

captioned case, including but not limited to preparation for trial and any sentencing, appeal or

collateral attack involving the charges in the above-captioned case;

1

2. With the exceptions noted in paragraph 3, any and all protected discovery material disclosed to the defendant and defense counsel by the government, and any copies, notes, transcripts and documents derived or prepared from the protected discovery material, shall not be further disclosed, disseminated or discussed by the defendant or defense counsel to, or with, any individuals, organizations or other entities, other than to non-lawyer personnel employed by defense counsel and subject to defense counsel's supervision, including but not limited to private investigators, analysts and potential experts ("defense staff"), provided such personnel have been provided with a copy of this Protective Order and have signed Attachment A to this Protective Order, without consent of the government or further order of the Court;

3. Defense counsel may disclose or discuss protected discovery material to or with a person being contacted or interviewed by defense counsel or defense staff as a potential witness, provided that defense counsel first has taken the following steps: (a) provided to each such individual a copy of this Protective Order and advised each such individual that he or she may not further disclose or discuss any portion of the protected discovery material, or any copies, notes, transcripts or documents derived or prepared from the protected discovery material; (b) admonished each such individual that any violation of the Protective Order, as determined by the Court, may result in a finding of contempt of Court; and (c) recorded in a log to be retained in defense counsel's files the name of each such individual and the date on which defense counsel took each of the steps detailed above in subparagraphs 3(a)-(b) (the "Protected Discovery Material Disclosure Protocol").

Defense counsel may provide a copy of protected discovery material to potential witnesses or their counsel, provided that defense counsel follows the Protected Discovery Material Disclosure Protocol prior to sharing protected discovery material with such potential witnesses and directs such potential witnesses to delete the protected discovery material after use. Defense counsel may disclose or discuss protected discovery material to or with a co-defendant pursuant to a joint defense agreement after confirming that any such co-defendant and his counsel have signed this Protective Order. Before disclosing protected discovery material pursuant to this paragraph, defense counsel must redact information of the type identified in Rule 49.1(a) of the Federal Rules of Criminal Procedure;

4. In the event the defendant, defense counsel and/or defense staff wishes to disclose or discuss any portion of the protected discovery material or any copies, notes, transcripts or documents derived or prepared from the protected discovery material to or with any individual to whom disclosure is not authorized by paragraphs 2 or 3, or for a purpose not contemplated by paragraphs 2 or 3, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument as to the propriety of such disclosure;

5. In the event the defendant, defense counsel and/or defense staff wishes to attach any portion of the protected discovery material to public filings made with the Court, defense counsel must either: (a) file the protected discovery material under seal and indicate to the Court the defendant's position with regard to whether the protected discovery

3

material should remain under seal, such that the government may then inform the Court of its position with regard to sealing and the Court can decide whether the filed protected discovery material should remain sealed; or (b) confer with the government as to whether the "protected discovery material" designation should be lifted, such that upon agreement of the parties, such designation may be lifted and the formerly designated material may be publicly filed without further order of the Court;

6. Nothing in this Protective Order releases counsel for the government or defense counsel or defense staff from their obligations to comply with the "Free Press-Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

7. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

8. If the defendant obtains additional or substitute counsel beyond those listed in the signature page hereto, the undersigned defense counsel will not transfer any portion of the protected discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the protected discovery material, unless and until such additional or substitute counsel signs Attachment A of this Protective Order, and is provided a copy of the Protective Order;

9. The defendant and defense counsel will return to the government and/or destroy the protected discovery material and all copies thereof, whether in the

4

possession of the defendant, defense counsel or defense staff, at the conclusion of trial if the

defendant is acquitted on all counts, or, in the case of a conviction at trial or by guilty plea,

upon completion of sentencing, appeal or collateral attack on the conviction made by the

defendant in this case, if any;

10. Any violation of this Protective Order, as determined by the Court, will

require the immediate return to the government of the protected discovery material and all

copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
      April 19, 2021

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: _____

      Kaitlin T. Farrell
      Sarah M. Evans
      Assistant U.S. Attorneys

_____

Jeremy Temkin, Esq.
Attorney for the Defendant

SO ORDERED.

s/Nicholas G. Garaufis
_____
THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK
April 22, 2021

5

Attachment A to Protective Order
Regarding Discovery in U.S. v. Peltz, 21 CR 154 (NGG)

| Printed Name | Signature |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |