

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DG:KTF/SME/BOC  271 Cadman Plaza East
F. #2016R01900  Brooklyn, New York 11201

July 26, 2021

<u>By Electronic Mail and ECF</u>

Jeremy H. Temkin, Esq.
Ryan McMenamin, Esq.
Morvillo Abramowitz Grand Iason & Anello P.C.
565 Fifth Avenue
New York, New York 10017

      Re:    United States v. Peltz
              <u>Criminal Docket No. 21-154 (NGG)</u>

Dear Mssrs. Temkin and McMenamin:

      The government writes in response to your letter of June 9, 2021 making certain discovery requests, and your letter of July 6, 2021 requesting particulars regarding the above-captioned indictment.

    I.     <u>Response to June 9, 2021 Discovery Requests</u>

      The government has already produced discovery responsive to the majority of your requests in its previous disclosures and will be making additional productions of Rule 16 material in the near future. Further information in response to certain requests is below.

    a.    <u>Request 1</u>:

      As an initial matter, the government notes that it understands its obligations to disclose discovery material and information to the defendant under applicable law, including Rule 16 of the Federal Rules of Criminal Procedure, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and the Jencks Act, and will continue to comply with those obligations.

      The government has previously disclosed information that may be helpful to the defense and will continue to do so to the extent it becomes aware of any such information. On May 3, 2021, pursuant to <u>Brady</u> and its progeny, and in an abundance of caution, the government disclosed the name and contact information of three individuals who may have information that the defense may view as helpful. In cases where witnesses known to the government may have information that could potentially be useful to the defendant, the

government may discharge its obligation to ensure that the defendant will not be denied access to exculpatory evidence known only to the government by "directing the defendant's attention" to those witnesses. United States v. Frank, 11 F.Supp.2d 322 (S.D.N.Y. 1998) (denying defendant's request for pre-trial disclosure of witness statements pursuant to Brady where government disclosed by letter identity of potentially favorable witnesses with brief description of information possessed by those witnesses) (citing United States v. LeRoy, 687 F.2d 610, 610 (2d Cir. 1982)); Tate v. Wood, 963 F.2d 20, 25 (2d Cir. 1992)); see also United States v. Fasciana, No. S 3 01 CR. 00058(LTS.), 2002 WL 31495995, *2 (S.D.N.Y. Nov. 6, 2002) (observing that disclosing relevant witnesses names is a "a Brady compliance mechanism that has been approved in this Circuit" in case where defendant requested witness statements in government's possession and court found that defendant was aware of belief that certain witness would deny conduct attributable to him).

Insofar as your letter seeks premature disclosure of witness statements, the government declines to produce such statements at this time. See United States v. Shkreli, No. 15-CR-637 (KAM), 2016 WL 8711065, at *3 (E.D.N.Y. Dec. 16, 2016) (noting that there is no "pre-trial right to statements and reports of witnesses in the Government's possession"). Those materials will be provided to you in advance of trial pursuant to the Jencks Act, 18 U.S.C. § 3500. The Second Circuit has recognized that the Jencks Act "prohibits a District Court from ordering the pretrial disclosure of witness statements." United States v. Coppa, 267 F.3d 132, 145 (2d Cir. 2001). Rather, defense counsel must be permitted "sufficient time to review the 3500 material, prior to examining the witness." United States v. Carneglia, 403 F. App'x 581, 586 (2d Cir. 2010) (summary order). To avoid delays during trial, the government generally produces most of the 18 U.S.C. § 3500 material in advance of trial to permit defense counsel sufficient time to review it, and we intend to follow that practice here.

Your request for impeachment material pursuant to Giglio is likewise premature. See United States v. Morante, 947 F. Supp. 2d 309, 313-14 (E.D.N.Y. 2013) (recognizing that impeachment material "need not be disclosed in response to a demand by a defendant" and that "the law does not require or encourage disclosure of either Giglio or Section 3500 material before trial"); see also United States v. Nixon, 418 U.S. 683, 701 (1974); Lea v. Portend, 257 F.3d 89, 100 (2d Cir. 2001) ("[Disclosure prior to trial is not mandated."); United States v. Dotel, 1994 WL 25787, slip op., at *3 (S.D.N.Y. 1994) (impeachment material as to government's witnesses - i.e., Giglio material - is properly disclosed when the witness testifies at trial). We intend to provide you with any impeachment material at the same time as the Jencks Act disclosures before trial.

    b. Request 2:

On February 18, 2021, the government provided you with a form 302 summarizing the defendant's statements to FBI agents on or about October 28, 2020, which was Bates-stamped PELTZ_EDNY000000000001 through PELTZ_EDNY000000000005. On February 27, 2021, the government provided you with a form 302 summarizing a search of the defendant's apartment by FBI agents on or about October 28, 2020, which includes statements the defendant made to FBI agents, and which was Bates-stamped PELTZ-EDNY000000000081 through PELTZ_EDNY000000000084.

c. Requests 3 through 5:

The government's previous discovery letters and productions are responsive to these requests, and the government intends to supplement these productions further consistent with its obligations under Rule 16(a)(1)(E)(i) - (iii).

d. Requests 6 and 7:

The government will comply with Rules 16(a)(1)(F) and (a)(1)(G) of the Federal Rules of Criminal Procedure and Rules 702, 703 and 705 of the Federal Rules of Evidence and notify you in a timely fashion of any expert the government intends to call at trial and provide you with a summary of the expert's opinion. As previously indicated to you in the government's discovery letter dated May 3, 2021 (ECF Docket No. 18), at present, the government anticipates calling an expert at trial to testify regarding securities terminology, securities trading analysis and the United States Securities and Exchange Commission's disclosure requirements, regulations and forms. The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

e. Requests 8 through 11:

These requests seek a witness list, an exhibit list, production of 3500 material, and notice of evidence the government intends to offer under Federal Rule of Evidence 404(b). While we do not agree to your request to produce these materials 90 days prior to the trial date, we anticipate that the Court will set a pretrial schedule that will address all such disclosures and motions, to which we will adhere.

II. Response to July 6, 2021 Request for Particulars

Attached hereto as Exhibit A is a list of the names of the anonymized individuals in the above-captioned indictment, which information the government designates as being provided pursuant to the April 22, 2021 protective order (the "Protective Order"). See ECF Docket No. 17. For the reasons described below, the government otherwise declines to provide the remainder of the information sought by your letter.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment need only contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The Second Circuit has made clear that an indictment satisfies the requirements of Rule 7(c) if it "do[es] little more than . . . track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008) (citation omitted). Additional details, in the form of particulars, see Fed. R. Crim. P. 7(f), are appropriate only when the indictment is too vague to inform the defendant of the nature of the charges to allow the preparation of a defense, avoid unfair surprise, and assert a double jeopardy claim. See United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (requiring bill of particulars "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused" (citation

3

omitted)), abrogated in part on other grounds by United States v. Marcus, 628 F.3d 36 (2d Cir. 2010).

A defendant cannot use a bill of particulars as an investigative tool or as a pretrial discovery device. See United States v. Pimentel, No. 99-CR-1104 (SJ), 2001 WL 185053, at *4 (E.D.N.Y. Jan. 22, 2001). Rule 7(f) also may not be used to limit the government's evidence at trial or flush out its prosecutorial theories or methods of proof in advance of trial. See United States v. Shkreli, No. 15-CR-637 (KAM), 2016 WL 8711065, at *4 (E.D.N.Y. Dec. 16, 2016) (collecting cases); see also United States v. Sattar, 314 F. Supp. 2d 279, 318 (S.D.N.Y. 2004) ("The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the Government's evidence or legal theories."). Thus, "courts generally 'deny requests for bills of particulars concerning the 'wheres, when[s], and with whoms' of the crime." United States v. Perryman, 881 F. Supp. 2d 427, 430 (E.D.N.Y. 2012) (citation omitted); see also United States v. Trippe, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) (observing that "demands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied" (collecting cases)).

Your request for particulars seeks precisely the "wheres, when[s], and with whoms" of the crime, Perryman, 881 F. Supp. 2d at 430, and appears to be functioning as a pretrial discovery device rather than in aid of a vague indictment that fails to inform the defendant of the charges against him. See Pimentel, 2001 WL 185053, at *4. Far from being vague, the indictment in this case is a detailed speaking indictment that clearly lays out the government's theory. The government, therefore, declines to provide additional information in response to your July 6, 2021 letter.

III. Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact us.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

    Very truly yours,

    NICOLE BOECKMANN
    Attorney for the United States, Acting
    Under Authority Conferred by 28 U.S.C.
    § 515
    Eastern District of New York

By:   /s/ Kaitlin T. Farrell
    Kaitlin T. Farrell
    Sarah M. Evans
    Assistant U.S. Attorneys
    (718) 254-6072 (Farrell)
    (718) 254-6490 (Evans)

Enclosure

cc:    Clerk of the Court (NGG) (by ECF) (without enclosure)